UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

DORI J. KAPLAN,

    Plaintiff,

vs.

AXA EQUITABLE INSURANCE
COMPANY, a Delaware corporation,

    Defendant.

_____/

### NOTICE OF REMOVAL BY DEFENDANT

As provided by 42 U.S.C. §1441 *et seq.*, Defendant, AXA EQUITABLE INSURANCE COMPANY ("Defendant"), hereby files this Notice of Removal of the above-styled action from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, where the action is now pending under Case Number 15-00-2356-CA-01 to the United States District Court for the Southern District of Florida.  In connection with this Notice of Removal, Defendant states:

    1.    The above-styled action was commenced by Plaintiff, Dori J. Kaplan ("Plaintiff"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, State of Florida, by the filing of a Complaint on or about February 18, 2015.  Defendant was served with a copy by the Chief Financial Officer of the State of Florida on March 2, 2015.  Defendant was not served with a copy of the Complaint prior to service on March 2, 2015.

    2.    The action, which is of a civil nature, involves a claim for breach of contract involving an insurance policy.  (A copy of Plaintiff's Complaint is attached hereto as Exhibit A).

GORDON & REES LLP
200 South Biscayne Blvd ▪ Suite 4300 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6209

3. The Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §§1332 and 1441(a). Plaintiff is a citizen of Florida and resident of Miami-Dade County.

4. Defendant is a New York corporation, with its principal place of business in New York City, New York. Under the definitions and requirements established by 28 U.S.C. §1332, there is complete diversity in this action because the Defendant is not a citizen of the State of Florida.

5. The amount in controversy exceeds the jurisdictional limit of $75,000, exclusive of interest and costs, established by 28 U.S.C. §1332(a). Paragraph 2 of the Plaintiff's Complaint states that "[t]his is an action for damages of $890,000.00, exclusive of interest, costs, and attorney fees."

6. As noted above, Defendant was served with the Complaint on March 2, 2015. Thus, this Notice of Removal is timely, since 28 U.S.C. 1446(b) grants parties thirty (30) days to remove an action to Federal Court "after receipt . . . of a copy of the initial pleading . . . or within thirty days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. 1446(b).

7. To date, the only pleading which Defendant has received is the Complaint, a copy of which is attached as Exhibit A. Defendant has also received discovery requests, which are not attached as an exhibit hereto.

8. Given that the above-styled state court action is pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, venue properly lies in the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1441(a).

**GORDON & REES LLP**
200 South Biscayne Blvd ▪ Suite 4300 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6209

9. Defendant will give written notice of the filing of this Notice of Removal, as required by 28 U.S.C. §1446(d).

## MEMORANDUM OF LAW

A. **The United States District Court Has Jurisdiction Over this Matter**

A state court action may be removed to a United States District Court where "the district courts of the United States have original jurisdiction[.]"  28 U.S.C. §1441(9a).  In the instant case, original jurisdiction is sought under 28 U.S.C. §1332, which provides that:

> "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> * * *
>
> (2) citizens of a State and citizens or subjects of a foreign state[.]"

*See* 28 U.S.C. §1332(a).  In short, in order to establish jurisdiction under 28 U.S.C. §1332, Defendant must establish two factors:  1) the amount in controversy exceeds $75,000; and 2) the action is between a citizen of this State and a citizen of a foreign state.

1. **The Amount in Controversy Exceeds $75,000**

The amount in controversy in the instant action is in excess of $75,000.  The Complaint filed by Plaintiff acknowledges as much; she alleges, in Paragraph 2 of the Complaint, that "[t]his is an action for damages of $890,000.00, exclusive of interest, costs, and attorney fees."

2. **There is Complete Diversity of Citizenship**

This action is between a citizen of the State of Florida and a citizen of a foreign state. While the Complaint is silent on the citizenship of the Plaintiff, it is apparent that she is, indeed, a citizen of Florida.  Attached as Exhibit B is a copy of the Claim for Benefits form completed

by Plaintiff in 2012, redacted to protect sensitive information, listing her address in Miami, Florida. Attached as Exhibit C is a printout of a 2014 Florida For Profit Corporation Annual Report, from the Florida Department of State, Division of Corporations' website (www.sunbiz.org; accessed March 23, 2015), listing a Miami, Florida address for Plaintiff. The Court may take judicial notice of the Florida Department of State, Division of Corporations' records. *See Wilson v. Ariz. Classic Auto,* 2009 U.S. Dist. LEXIS 104674, *3, n. 1 (S.D. Fla. Nov. 10, 2009) ("The Court takes judicial notice that defense counsel is not a registered agent nor an officer of Defendant. See http://www.sunbiz.org (the records of the Florida Department of State, Division of Corporations); *Access 4 All v. Oak Spring, Inc.,* 2005 U.S. Dist. LEXIS 20218, *7, n. 16 (M.D. Fla. May 20, 2005) ("The records of the Florida Department of State, Division of Corporations (available on the internet at http://www.sunbiz.org), which the Court takes judicial notice of, reflect that Mr. Esposito is also an officer and director of Access"). Exhibit D hereto is a printout of a page from the website of the Miami-Dade Property Appraiser's office, showing Plaintiff continues to maintain her primary residence (for which she has a homestead exemption) at the Miami, Florida address listed in Exhibits B and C.

As indicated above, Defendant is a New York corporation, with its principal place of business in New York City, New York. Attached hereto as Exhibit E is a printout of the corporate information webpage for AXA Equitable Life Insurance Company, from the Florida Department of State, Division of Corporations' website (www.sunbiz.org; accessed March 23, 2015). *Id.*

While the Plaintiff's Complaint does not make any allegation with regard to the citizenship of the Plaintiff or of the Defendant, it is well-settled that a federal court should look beyond the face of a complaint in assessing its jurisdiction when a notice of removal is filed,

accepting allegations regarding parties' citizenship and jurisdictional amount made by a defendant in removal papers. *See Wright v. Continental Casualty Co.*, 456 F.Supp. 1075, 1077 (M.D.Fla.1978); *Wollard v. Heyer-Schulte*, 791 F. Supp. 294 (S.D. Fla. 1992). Under the definitions and requirements established by 28 U.S.C. §1332, then, there is complete diversity in this action because the defendant is not a citizen of the State of Florida.

B.   **Defendant Has Complied With the Procedure for Removal**

The procedure governing removal of actions first filed in state court is governed by 28 U.S.C. §1446. Section 1446 provides that any defendant desiring to remove a civil action from state court must file a notice of removal which contains:

> a short plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant in such action.

*See* 28 U.S.C. §1446. Furthermore, any notice of removal must be filed within thirty (30) days after receipt of the initial pleading. *See* 28 U.S.C. §1446.

Paragraphs 1 through 9 above set forth the grounds on which removal is sought, specifically citing the federal statute upon which original jurisdiction is premised (28 U.S.C. § 1332) and the factual support for that jurisdiction. Accordingly, Defendant has complied with the terms of 28 U.S.C. §1446 which dictate that a short plain statement of the grounds for removal accompany any notice of removal. In addition, this notice has annexed to it, as Exhibit A, a copy of all process, pleadings and orders that have been served on Defendant (consisting of the Complaint) in compliance with 28 U.S.C. §1446.

C.   **Conclusion**

Defendant has complied with the procedural requirements of 28 U.S.C. §1446, the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida which

-5-

**GORDON & REES LLP**
200 South Biscayne Blvd ▪ Suite 4300 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6209

govern removal from state court, and this Court has original jurisdiction over this matter. Accordingly, Defendant respectfully requests that the United States District Court for the Southern District of Florida take jurisdiction over this action.

WHEREFORE, Defendant AXA EQUITABLE INSURANCE COMPANY hereby gives notice that the state court action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 15-00-2356-CA-01 be removed to the United States District Court for the Southern District of Florida.

Respectfully submitted this 25th day of March, 2015.

>  *s/ Robin Taylor Symons*
> Robin Taylor Symons, Esq.
> Florida Bar No. 356832
> rsymons@gordonrees.com
> Jose I. Leon, Esq.
> Florida Bar No. 0958212
> jleon@gordonrees.com
> GORDON & REES LLP
> 200 South Biscayne Blvd., Suite 4300
> Miami, Florida 33131
> Telephone:  305-428-5300
> Facsimile:   877-644-6209
> *Counsel for Defendant*

-6-

**GORDON & REES LLP**
200 South Biscayne Blvd ▪ Suite 4300 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6209

## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      ***s/ Robin Taylor Symons***
      Robin Taylor Symons, Esq.

**Service List**

Franchesca Marrero-Rodriguez, Esq.
franchesca@yourattorneys.com
J.P. GONZALEZ-SIRGO, P.A.
The Executive Tower Building
804 Douglas Road, Suite 373
Coral Gables, FL 33134
Telephone:  305-461-1095
***Attorneys for Plaintiff***

-7-

1104042/22890764v.1

**GORDON & REES LLP**
200 South Biscayne Blvd ▪ Suite 4300 ▪ Miami, FL 33131 ▪ Telephone: 305-428-5300 ▪ Fax: 877-644-6209